On Application for Rehearing.
En Banc.
PER CURIAM.
On application for rehearing, able counsel for the defendant suggests that this court erred in failing to give proper probative value to the testimony of two eye witnesses who corroborated the version of the accident given by Micelle, the defendant’s insured. It is also suggested that the plaintiff Boyle’s minor son was contributorily negligent in failing to take evasive action, ■even though he admitted that he saw the Micelle vehicle slow down prior to the accident.
Ultimately, the trial jury was forced to ■decide which was the more accurate or more truthful of the two versions of the accident: (a) that of young Boyle, who testified that as he proceeded on his own side of the street he saw Micelle vehicle coming from the opposite direction in its own lane slowing, but that Micelle instead of stopping, suddenly darted across his path, so that he was unable to avoid the accident; or (b) that of Micelle, to the effect that young Boyle was paying no attention and simply without slackening speed drove his motorcycle into the rear end of the Micelle vehicle as it turned across his path.
We find no error in the trial jury accepting the version of young Boyle. It is obvious that the testimony of witnesses as to the split-seconds or feet distant involved during the second or so of crisis preceding an accident, are at best only estimates. The essential gist of young Boyle’s story believ■ed by the trial jury was that Micelle suddenly and without warning made a left turn from Micelle’s lane across young Boyle’s path in young Boyle’s lane, at a time when' young Boyle was so close that he ■could not reasonably have avoided the accident.
The evaluation of credibility is primarily a function of the trier of fact, and we find no manifest error in the trial jury’s accepting young Boyle’s version over that contended for by the defendant.
We may add that young Boyle, proceeding in his own lane of traffic, could not be considered negligent for failing to take evasive action simply because he saw Mi-celle in the opposite-bound lane approaching and slowing (to make a left turn, as it turned out, although Micelle did not make a left turn signal). Young Boyle was under no duty to anticipate that Micelle would leave Micelle’s lane and cross suddenly without warning into young Boyle’s path, in the lane of traffic in which young Boyle had a right to be, and in which Micelle suddenly entered without warning, despite young Boyle’s superior right of way.
As to the damages, the trial jury only awarded $2,300 general damages for young Boyle’s very serious, painful, and permanently disabling leg injuries. Although the trier of fact has very great discretion in the award of such damages, and although such discretion should not be disturbed upon appellate review in the absence of a clear abuse of discretion (Gaspard v. Lemaire, La., 158 So.2d 149; we found that the trial court jury clearly abused its discretion in making this minimum award for such major injuries, and we increased such award to $7,500. Despite the suggestion that such increase is inconsistent with the recent decision of the Supreme Court in Gaspard v. Lemaire, cited above, we remain convinced that there was a clear abuse of discretion in the small award given for such injuries, so that the plaintiff is entitled to an increase in accordance with the majority opinion of this court.
The application for rehearing is denied.
Application denied.
CULPEPPER and HOOD, JJ., are of the opinion a rehearing should be granted.